# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES E. HAWTHORNE,

      Plaintiff,                     CIVIL ACTION NO. 08-CV-12325-DT

 VS.                                    DISTRICT JUDGE PAUL D. BORMAN

LINCOLN GENERAL INS.        MAGISTRATE JUDGE MONA K. MAJZOUB
CO.,

      Defendant.

INGRAM TRUCKING, INC.,

      Third Party Defendant

LINCOLN GENERAL INS. CO.,

      Third Party Plaintiff.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO INTERVENE AND DENYING PLAINTIFF'S MOTION TO LIMIT DISCOVERY

This matter comes before the Court on Plaintiff's Motions to Intervene and to Limit Discovery. (Docket nos. 15, 18). These two motions have been fully briefed. The Court heard oral argument on the motions on November 4, 2008. These matters have been referred to the undersigned for decision. (Docket nos. 17, 23). Plaintiff's motions are now ready for ruling.

    1.    **Facts and Claims**

Defendant Lincoln Insurance Co. issued a commercial auto liability insurance policy to Ingram Trucking, a Kentucky based commercial carrier on July 1, 2005. On February 23, 2006 Plaintiff was traveling on I-75 in Detroit when he was struck by a semi-truck owned by Ingram and operated by Christopher Skimehorn. Plaintiff initiated a tort action against Ingram and Skimehorn

in state court. Plaintiff dismissed without prejudice Skimehorn and obtained a default judgment for $942,000 against Ingram Trucking. Defendant Lincoln General was not a party to this state court action and alleges that it had no knowledge of the action.

The insurance policy issued by Defendant Lincoln contains an "MCS-90" endorsement which provides that Defendant "agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles." (Docket no. 28 ex. F). The endorsement also provides that the insured "agrees to reimburse the company for any payment made by the company." (*Id.*). Plaintiff then initiated a garnishment action against Defendant to collect the judgment from Defendant under the MCS-90 endorsement. Defendant denied liability and removed the action to this Court. Plaintiff later agreed to dismiss the garnishment action and filed its First Amended Complaint against Defendant for the $750,000 limit of liability pursuant to the endorsement plus interest. (Docket no. 7).

Defendant then filed a third party complaint naming only Ingram Trucking, Inc. as a third party defendant on October 3, 2008. (Docket no. 10). Defendant seeks a declaratory judgment against Ingram and Plaintiff declaring that the policy and endorsement are void from the policy inception date precluding any claims for coverage because Ingram failed to provide notice of Plaintiff's original tort action to Defendant. Plaintiff seeks to intervene in this third party action to argue that the policy is not void to preserve Defendant as a source of recovery for its judgment.

Plaintiff also moves to limit discovery to relevant evidence. Plaintiff argues that Defendant's discovery (third party subpoenas setting depositions for witnesses to the accident; subpoenas to Plaintiff's employer and the City of Detroit for the vehicle in which Plaintiff was traveling when the

accident occurred; discovery regarding the underlying facts of the accident, and Plaintiff's injuries, medical treatment, etc.) is not relevant to the "only relevant issues in this lawsuit" which are "whether or not Lincoln General provided insurance to Ingram Trucking on the date of loss and whether that insurance (and endorsement MCS90) compel it to pay the judgment against its insured." (Docket no. 18 at 3).

Defendant does not challenge the timeliness of Plaintiff's motion to intervene nor does it challenge Plaintiff's contention that he may have a legal interest in part of Lincoln's third party action against Ingram Trucking. (Docket no. 28 at 8). Defendant's position is that Plaintiff's motion to intervene is unnecessary and that his interest is adequately protected because he is already a party in this action.

Defendant argues that Plaintiff's Motion to Limit Discovery should be denied because the issues of the accident facts and Plaintiff's injuries are in dispute and the entry of a default judgment against Ingram does not establish the issues of liability and damages against Defendant pursuant to the MCS90 endorsement. (Docket no. 29 at 4).

2. **Motion to Intervene**

Plaintiff's Motion to Intervene as of right in the third party action will be granted. By its third party complaint, Defendant seeks relief against Plaintiff as set out above. Plaintiff satisfies all of the requirements for intervening as of right pursuant to Fed. R. Civ. P. 24(a). *See United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). Defendant offers no substantive challenge to Plaintiff intervening but believes it is unnecessary because Plaintiff is already a party. Nevertheless, to the extent that the third party action is considered a separate action Plaintiff should be in a

position to protect its interest in establishing Defendant's liability pursuant to the MCS-90 endorsement. Therefore, Plaintiff's Motion to Intervene will be granted.

 3. **Motion to Limit Discovery**

Plaintiff's Motion to Limit Discovery is based on his argument that the default judgment entered in Michigan state court against Ingram Trucking is entitled to res judicata effect in this proceeding. Plaintiff argues that the earlier judgment establishes Ingram's liability based on negligence and that Defendant is bound by this earlier judgment and may not challenge issues such as liability and the extent of Plaintiff's damages in this action. According to Plaintiff, the only issues in this action are whether Defendant provided insurance to Ingram Trucking on the date of loss and whether that insurance compels it to pay the judgment against its insured.

Defendant relies on two major cases. The first is *Green v. Royal Indemnity Co*., 1994 WL 267749 (S.D.N.Y. June 15, 1994) which stands for the proposition that the MCS-90 endorsement (the same standard federally mandated endorsement at issue in the instant action) does not require the insurance company to pay all final judgments against the insured, but only those resulting from negligence in the operation, use, or maintenance of a covered vehicle. For the insurance company to be liable, "there must be a showing that" the victim's death or injuries resulted from such negligence. (*Id*. at *4). *Green* involves a consent judgment against the insured trucking company, rather than a default judgment, and under New York law a consent judgment serves as prima facie evidence that the insured acted negligently but not conclusive evidence. Therefore, the *Green* court found that there was a triable issue as to whether the victim's injuries resulted from the negligent use or operation of the covered vehicle even in light of the consent judgment against the insured.

The other major case Defendant relies upon is *Rogers v. J.B. Hunt Transport, Inc.*, 649 N.W.2d 23 (Mich. 2002). *Rogers* is important for its demonstration of the effect of a default judgment in Michigan. The deceased died in an auto accident allegedly due to the negligence of the semi-truck driver and his employer J.B. Hunt. The plaintiff, decedent's estate, sued in state court both of these parties and obtained a default judgment against the driver. Plaintiff then argued that the default settled the question of J.B. Hunt's liability, through vicarious liability, and therefore J.B. Hunt could not contest the issues of negligence and causation at trial. The Court ultimately held that extending liability to J.B. Hunt for the driver's nonparticipation in the trial is beyond the scope of vicarious liability. The court also, however, explained that the default judgment against the driver "operates as an admission of [the driver's] negligence" but that the "default of one party is not an admission of liability on the part of a nondefaulting coparty." (*Id.* at 27). The entry of the default against the driver "does not establish that he was actually negligent in connection with the accident," but the default "bars him from contesting the issue of his negligence." (*Id.* at 27-28). There was "nothing inconsistent in allowing J.B. Hunt to contest the alleged negligence of [the driver] even though [the driver] himself would not be allowed to do so in light of the default entered against him." (*Id.* at 28).

*Green* shows that the MCS-90 endorsement obligates Defendant to pay only for injuries resulting from negligence and that if the underlying judgment fails to conclusively establish these elements, Defendant may litigate them in this proceeding. *Royal* shows that under Michigan law the default judgment against Ingram Trucking does not establish its negligence or Skimehorn's negligence. The default may prevent Ingram from contesting its negligence, but no one's negligence has yet been "litigated," and there has been no "showing" of negligence. The dismissal of

5

Skimehorn without prejudice does not establish any negligence as well. The default judgment does not therefore bar the nondefaulting party, Defendant in this action, and Plaintiff's arguments regarding res judicata must be rejected.[1] Plaintiff's Motion to Limit Discovery will be denied because he has not shown that the discovery sought is irrelevant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Intervene (docket no. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Limit Discovery (docket no. 18) is **DENIED.**

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 04, 2008    s/ Mona K. Majzoub
　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] The question of whether Plaintiff has proven all of the elements of res judicata, particularly whether Defendant was a party or privy in the state tort action, is moot given the Court's finding that res judicata, even if applicable, does not serve as a basis to limit discovery in this action. It is clear, however, that Defendant was not a party in the earlier action, and Plaintiff's argument that Defendant was in privity with Ingram in that action is not convincing.

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 04, 2008                     s/ Lisa C. Bartlett
                                             Courtroom Deputy