# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES HAWTHORNE,

    Plaintiff,                          Case Number: 08-12325

v.                                          JUDGE PAUL D. BORMAN
                                           UNITED STATES DISTRICT COURT

LINCOLN GENERAL INSURANCE CO.,

    Defendant/Third-Party Plaintiff,

v.

INGRAM TRUCKING, INC.,

    Third-Party Defendant.
_____ /

## ORDER (1) VACATING THE MAGISTRATE JUDGE'S NOVEMBER 4, 2008 ORDER, AND (2) GRANTING PLAINTIFF'S MOTION TO LIMIT DISCOVERY

      Before the Court is Plaintiff James Hawthorne's Objections Pursuant to FRCP 72(A) to Magistrate Judge's Order Re Plaintiff's Motion to Limit Discovery. (Doc. No. 37). Defendant Lincoln General Insurance Company responded on November 28, 2008. (Doc. No. 42). The Court held a motion hearing on January 21, 2009. Having considered the entire record, and for the reasons that follow, the Court **VACATES** the Magistrate Judge's November 4, 2008 Order and **GRANTS** Plaintiff's motion to limit discovery.

**I. BACKGROUND**

      This personal-injury lawsuit arises from a February 23, 2006, accident in which Plaintiff's vehicle was struck by a semi-truck owned by Ingram Trucking, Inc., operated by Christopher

1

Skimehorn, and insured by Defendant Lincoln General Insurance Company. (Complaint, 3, 5). Plaintiff alleges that he suffered personal injuries as a result of the accident. (Complaint, 12). Plaintiff initiated a tort action against Ingram Trucking and Skimehorn in state court. After obtaining a a default judgment for $942,000 against Ingram Trucking on February 29, 2008, Plaintiff dismissed Skimehorn from the case without prejudice . (Def.'s Mot. Ex. B).

Defendant issued a commercial auto insurance policy to Ingram Trucking, and the policy was in force at the time of Plaintiff's accident. (Pl.'s Objs. 1). Ingram Trucking paid Defendant $375,438.00 to $396,250.00 to insure its trucks under the insurance policy at issue. (Pl.'s Mot. Summ. J. Ex. B, Schedule for Mileage Reporting Basis Liability Coverage Endorsement No 1). The insurance policy in question contained a federally mandated "MCS-90 Endorsement," or more specifically an "Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980." (Id.)

Federal law requires common carriers, such as trucking companies, to obtain insurance to cover motor vehicle accidents. *Carolina Casualty Ins. Co. v. Yeates*, 533 F.3d 1202, 1204 (10th Cir. 2008). Related federal regulations require all interstate carriers to maintain insurance or another form of surety "conditioned to pay any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance or use of motor vehicles" under the carrier's permit. 49 C.F.R. §§ 387.301(a), 387.7. To satisfy this insurance requirement, the regulations require the attachment of an MCS-90 endorsement to each insurance policy of the carrier, which guarantees payment in the amount of at least $750,000 per accident. 49 C.F.R. §§ 387.7, 387.9

The MCS-90 Endorsement at issue states: "the insurer (company) agrees to pay, within the

2

limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 . . . ." (Pl.'s Objs. Ex. B, MSC-90 Endorsement). The MSC-90 Endorsement at issue further provides: "[i]t is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the compmay [sic] from liability or from the payment of any final judgment . . . ." (Id.) The endorsement also enables the judgment creditor, in this case Plaintiff, to sue, in any court of competent jurisdiction, the insurance company to compel payment. (Id.)

On May 13, 2008, Plaintiff served a request and writ for garnishment on Defendant to satisfy the default judgment entered against Ingram Trucking. (Doc. No. 1). Defendant removed the garnishment action to federal court. (Id.)

On September 2, 2008, this Court entered a stipulated order dismissing Plaintiff's garnishment action and allowing Plaintiff to file an amended complaint. (Doc. No. 6). Plaintiff filed an amended complaint on September 9, 2008, in which he alleged that Defendant is obligated to satisfy the default judgment entered against Ingram Trucking pursuant to the MCS-90 Endorsement. (Am. Compl. ¶ 15). Plaintiff also alleged a violation of the Uniform Trade Practices Act, M.C.L. 500.2006, based on Defendant's failure to pay the judgment within 60 days. (Am. Compl. ¶ 21).

Defendant answered Plaintiff's complaint on October 3, 2008, denying liability on the grounds that the insurance policy may have been void *ab initio*, and stating that it was not responsible for satisfying the default judgment because it was not given the opportunity to defend the action brought by Plaintiff against Ingram Trucking. (Answer ¶¶ 5, 9).

Also on October 3, 3008, Defendant filed a third-party complaint against Ingram Trucking. (Doc. No. 10). In the complaint, Defendant seeks a declaratory judgment against Ingram Trucking and Plaintiff declaring the insurance policy and MCS-90 endorsement void *ab initio* because Ingram Trucking failed to notify Defendant of Plaintiff's tort action. (Third Party Complaint ¶¶ 12, 19). Ingram Trucking did not answer Defendant's third-party complaint, and upon Defendant's motion, the clerk of the court entered a default against Ingram Trucking on November 18, 2008. (Doc. No. 39).

Plaintiff moved to intervene in the third-party lawsuit, in order to argue that the insurance policy is not void to preserve Defendant as a source of recovery. (Mot. to Intervene 7-8).

Plaintiff also filed an emergency motion to limit discovery. (Doc. No. 18). In his motion to limit discovery, Plaintiff argued that Defendant's discovery requests seeking information about the accident and Plaintiff's personal injuries were outside the scope of the instant lawsuit, which only seeks to enforce the default judgment, and barred by res judicata because the default judgment establishes Ingram Trucking's liability based on negligence. (Mot. to Limit Discovery 9, 11).

Magistrate Judge Mazoub heard Plaintiff's motions on November 4, 2008, and issued an opinion and order granting Plaintiff's motion to intervene and denying Plaintiff's motion to limit discovery. (Doc. No. 34). Magistrate Judge Mazoub concluded that Plaintiff met all the requirements for intervening as of right pursuant to Fed. R. Civ. P. 24(a). (Opinion and Order Granting Plaintiff's Motion to Intervene and Denying Plaintiff's Motion to Limit Discovery 3-4).

With respect to Plaintiff's motion to limit discovery, Magistrate Judge Mazoub concluded that Defendant may litigate the negligence issue because the MCS-90 endorsement only obligates Defendant to pay for injuries resulting from negligence and the default judgment fails to

conclusively establish the whether Plaintiff's injuries were a result of negligence.  (*Id.* at 5). Magistrate Judge Mazoub went on to opine: "The default may prevent Ingram from contesting its negligence, but no one's negligence has yet been 'litigated,' and there has been no 'showing' of negligence. . .The default judgment does not therefore bar the nondefaulting party, Defendant in this action, and Plaintiff's arguments regarding res judicata must be rejected."  (*Id.* at 5-6).

Plaintiff filed objections to Magistrate Judge Mazoub's decision on his motion to limit discovery.  (Doc. No. 37).  Plaintiff objects to the portion of Magistrate Judge Mazoub's order in which she held that the default judgment does not bar Defendant from litigating the negligence issue. (Pl.'s Objs. ii).  Plaintiff's basis for the objection is as follows:

   A.   The Magistrate Judge's order imposing additional requirements on Plaintiff beyond those required in the MCS90 endorsement is clearly erroneous and contrary to law.
   B.   The Magistrate Judge's conclusion that the underlying Judgment failed to conclusively establish Ingram's negligence and defendant may therefore litigate this issue in this proceeding is clearly erroneous and contrary to law.
   C.   The Magistrate Judge's reliance on *Green v Royal Indemnity* is clearly erroneous and contrary to law.

(Pl.'s Objs. ii).

## II. STANDARD OF REVIEW

The Magistrate Judge's order concerns a non-dispositive, pre-trial matter.  Therefore, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

## III. ANALYSIS

Plaintiff first argues that the Magistrate Judge's order requires him to make additional proofs, specifically that the insured was found to be negligent, beyond what is required in the MCS-90 endorsement, which is clearly erroneous and contrary to law.  (Pl.'s Objs. 4).  Plaintiff contends that

5

the only matter relevant to this lawsuit, and therefore subject to discovery, is whether Plaintiff can establish the existence of a final judgment recovered against the insured, Ingram Trucking, for public liability resulting from negligence in the operation, maintenance or use of a motor vehicle subject to the MCS-90 endorsement. (Pl.'s Objs. 5). Plaintiff asserts that the default judgment entered by a Wayne County Circuit Judge is a final judgment recovered against Defendant, the insured, for public liability resulting from negligence and, therefore, Defendant is barred by res judicata from relitigating the negligence issue. (Pl.'s Objs. 5-9). Plaintiff further argues that the Magistrate Judge's reliance on *Rogers v. J.B. Hunt Transport*, Inc., 466 Mich. 645, 649 (2002), and *Green v. Royal Indemnity*, No. 93-4335, 1994 WL 267749 (S.D.N.Y. June 15, 1994), to conclude otherwise, is misplaced. (Pl.'s Objs. 12-13).

Defendant responds that the Magistrate Judge's order properly requires Plaintiff to establish the existence of a final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of a motor vehicle insured under the MCS-90 endorsement, because that is what is required in the MCS-90 endorsement. (Def.'s Br. 8-9). Defendant argues that an entry of default judgment does not adjudicate the merits of a claim, although it may operate to preclude adjudication of a particular issue. (Def.'s Br. 11). Defendant then reasons that although the default judgment may preclude Ingram Trucking from contesting the issue of its vicarious liability, the default judgment does not preclude Defendant from litigating the issue of whether Plaintiff receive a final judgment establishing that it is liable for public liability resulting from negligence. (Id.) Defendant also contends that the Magistrate Judge properly relied on *Green* because the instant case is nearly factually identical to *Green*. (Def.'s Br. 15).

As Magistrate Judge Mazoub noted, the MCS-90 endorsement obligates Defendant to satisfy

6

final judgments recovered against the Ingram Trucking for injuries resulting from negligence. (Opinion and Order Granting Plaintiff's Motion to Intervene and Denying Plaintiff's Motion to Limit Discovery 5). Therefore, Plaintiff must show that he has recovered a final judgment against Ingram Trucking, the insured, for injuries resulting from negligence. The default judgment, which Plaintiff proffers as a final judgment satisfying MCS-90, states: "It is HEREBY ORDERED that a default judgment in the amount of $942,000 is hereby entered against Defendant Ingram Trucking, Inc. IT IS FURTHER ORDERED that this matter is dismissed as to Defendant Christopher Skimehorn without prejudice." (Def.'s Br. Ex. B, Default Judgment).

This Court finds that the Magistrate Judge erred in concluding that the default judgment entered in Wayne County Circuit Court is not a final judgement recovered against Ingram Trucking for injuries resulting from negligence. The complaint Plaintiff filed in Wayne County Circuit Court against Skimehorn and Ingram Trucking alleged, time and again, that Skimehorn negligently operated a truck owned by Ingram Trucking, thereby causing an accident with the vehicle Plaintiff was driving. (Pl.'s Mot. Summ. J. Ex. A, Wayne County Circuit Court Complaint, No. 07-725431). Plaintiff further alleged that Ingram Trucking, as Skimehorn's employer, was liable for Skimehorn's negligence. (Id.) Thus, the default judgment in Plaintiff's favor could only have been, and was in fact, based on the negligence of Ingram Trucking.

Under Michigan law, a default judgment constitutes an adjudication on the merits. *Braxton v. Litchalk,* 55 Mich. App 708, 714-717 *(*1974) (A default judgment is as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest); *Perry & Derrick Co, Inc v. King,* 24 Mich. App 616, 620 (1970). It is unquestionable that the complaint Plaintiff filed in Wayne County Circuit Court sounded in negligence. Therefore, the

default judgment Plaintiff obtained constitutes an adjudication of Plaintiff's negligence claim on the merits, and is a final judgment recovered against Ingram Trucking for injuries resulting from negligence. This Court will not reopen the default judgment and allow Defendant to litigate the negligence issue. The Wayne County Circuit Court has already adjudicated Plaintiff's negligence claim, on the merits, and this Court will enforce its judgment. Thus, the default judgment is a final judgment for which Plaintiff can use to recover from Defendant, pursuant to MCS-90: "upon failure of the company to pay for any final judgment recovered against the insured as provided herein, the judgment creditor [Plaintiff] may maintain an action in any court of competent jurisdiction . . . ."

In her opinion, Magistrate Judge Mazoub relied on two cases, cited by Defendant: *Rogers v. J.B. Hunt Transport, Inc.*, 466 Mich. 645, 649 (2002), and *Green v. Royal Indemnity Co.*, No. 93-4335, 1994 WL 267749 (S.D.N.Y. June 15, 1994). *Rogers*, a Michigan decision, is readily distinguishable from the case at bar, and this Court is unpersuaded by the federal district court's decision in *Green*.

In *Rogers*, the Michigan Supreme Court considered "how the entry of a default against an employee affects the liability of an employer where the employer's sole source of liability is vicarious." Rogers was killed when his vehicle went off the road and struck a tractor-trailer parked on the shoulder. *Id*. at 648. The plaintiff sued the driver and company that owned and insured the tractor-trailer. *Id*. at 648. After the driver failed to appear for depositions, the plaintiff obtained an order of default against him. *Id*. at 649. The trucking company, however, participated in the litigation, and was not included in the default. *Id*. at 648-49. The plaintiff then moved for summary disposition regarding the liability of the trucking company, arguing that the default entered against the driver established the trucking company's liability and, therefore, the trucking company could

8

not contest the issues of negligence and causation at trial. *Id*. at 649.

The Michigan Supreme Court held that the principals of *respondeat superior* or vicarious liability did not support imposing liability on the trucking company on the basis of the drivers default because the driver was not acting within the scope of employment when he failed to participate in the litigation. *Id.* at 651. The Court then reasoned, based on "a traditional rule of default . . . that the default of one party is not an admission of liability on the part of a nondefaulting coparty." *Id*. at 653 (citation omitted). Accordingly, the Court concluded that the default precluded the driver from contesting the issue of his negligence because he did not properly participate in the litigation, but the default did not bar the trucking company from litigating the driver's negligence because it had participated in the litigation. *Id*. at 654.

*Rogers* does not support Defendant's claim in the instant case. The Michigan Supreme Court did not decide whether a default judgment bars an unnamed, non-party from litigating a negligence claim underlying a default judgment. Rather, in this case, one of the defaulting parties was, Ingram Trucking, the insured; under *Rogers*, the default judgment operates as an admission of liability by Ingram Trucking. Therefore, Defendant, as Ingram Trucking's insurer, not a party to the underlying case, steps into the shoes of Ingram Trucking, pursuant to its obligation under MCS-90 to fulfill all final judgments recovered against Ingram Trucking for negligence. Consequently, Defendant is barred from litigating the underlying negligence claim.

This Court disagrees with the district court's decision in Green v. Royal Indemnity Co., No. 93-4335, 1994 WL 267749 (S.D.N.Y. June 15, 1994). In *Green,* the plaintiff entered into a consent decree with the company that insured the truck and trailer that killed the plaintiff. (Slip op. 2). When the consent decree was not satisfied, Plaintiff sought a judgment against the company, and then sued

9

the company's insurance provider for payment of the judgment, pursuant to an MCS-90 endorsement. (Slip op. 1). In an unpublished opinion, the District Court for the Southern District of New York, held that a triable issue existed as to whether the plaintiff's injuries resulted from the negligent use or operation of the trailer. (Slip op. 4).

> Royal [the insurance provider] has an obligation under the endorsement for "public liability resulting from negligence in the operation, maintenance or use of" a covered vehicle. (citation omitted). Accordingly, the endorsement does not require Royal to pay all final judgments against the insured, but only those resulting from negligence. For Royal to be liable under the endorsement, therefore, there must be a showing that Green's [the plaintiff's] death resulted from negligence in the operation, maintenance, or use of the trailer. Here, there has been no showing that Green's death resulted from such negligence, because the issue of negligence was never adjudicated on the merits.
> Rather, the New York Judgment serves as prima facie evidence, but not conclusive evidence, that Transport [the insured] acted negligently. The Second Circuit, addressing the binding effect on a surety of a consent judgment entered against insured, has held that the burden rests with the insurer to disprove the contents of the consent judgment where, such as here, the insurer had the opportunity and manifest interest to defend its insured or otherwise participate in the proceeding to minimize any final judgment. *HS Equities, Inc. v. Hartford Acc. & Indemnity. Co.*, 609 F.2d 669, 674 n. 8 (2nd Cir. 1979).

(Slip op. 4).

Michigan law concerning default judgments differs from New York law. In Michigan, a default judgment constitutes an adjudication on the merits, unlike in New York, where is serves as a *prima facie* evidence of negligence. This difference precludes Defendant from litigating Plaintiff's underlying negligence claim, as it has already been decided on the merits. Moreover, as discussed above, this Court will not re-open a default judgment when Plaintiff has properly obtained a final judgment against the insured trucking company, which Defendant is obligated to pay under MCS-90.

In accordance with this Court's conclusion that the instant default judgment is a final judgment for injuries resulting from negligence, Defendant is barred from litigating Ingram

10

Trucking's negligence liability. Consequently, Defendant is precluded from taking discovery on the liability and damages issues as the discovery sought is irrelevant.

**III. CONCLUSION**

For the reasons discussed above, this Court concludes that the Magistrate Judge's decision is clearly erroneous under the law and must be set aside. Accordingly, this Court:

(1) **VACATES** the Magistrate Judge's order;

(2) **GRANTS** Plaintiff's motion to limit discovery.

SO ORDERED.

                s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated: February 9, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 9, 2009.

                s/Denise Goodine
                Case Manager