**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES HAWTHORNE,

    Plaintiff,                                                                 Case Number: 08-12325

v.                                                                                         JUDGE PAUL D. BORMAN
                                                                           UNITED STATES DISTRICT COURT

LINCOLN GENERAL INSURANCE CO.,

    Defendant/Third-Party Plaintiff,

v.

INGRAM TRUCKING, INC.,

    Third-Party Defendant.
_____ /

**ORDER (1) GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND (2) DENYING PLAINTIFF'S MOTION TO DISMISS**

Before the Court is Plaintiff James Hawthorne's Motion for Summary Judgment, filed October 6, 2008, (Doc. No. 11), and Plaintiff's Motion to Partially Dismiss Lincoln General's Third Party Complaint Alleging Fraud, filed December 23, 2008 (Doc. No. 47). The motions have been fully briefed. The Court held a motion hearing on February 19, 2009. For the reasons discussed below, this Court GRANTS Plaintiff's Motion for Summary Judgment, and DENIES Plaintiff's Motion to Dismiss.

**I. BACKGROUND**

The facts of this case are fully recounted in this Court's February 9, 2009, opinion and order vacating the Magistrate Judge's order denying Plaintiff's motion to limit discovery. To view the

fully recitation of the facts, refer to this Court's previous order. The facts necessary to decide Plaintiff's motion are set out below.

This tort suit arises from a February 23, 2006, car accident in which Plaintiffs car was struck by a semi-truck owned by Ingram Trucking, Inc., operated by Christopher Skimehorn and insured by Defendant. (Complaint ¶¶ 3, 5). Plaintiff suffered personal injuries as a result of the accident. (Complaint ¶ 12). Plaintiff initiated a tort action against Ingram Trucking and Skimehorn in state court. Plaintiff dismissed without prejudice Skimehorn and obtained a default judgment for $942,000 against Ingram Trucking on February 29, 2008. (Pl.'s Mot. Ex. C). After Ingram Trucking failed to pay the judgment, Plaintiff filed suit against Defendant Lincoln General Insurance Company, Ingram Trucking's insurer, for satisfaction of the judgment.

In the Court's previous order, entered on February 9, 2009, this Court vacated the portion of the Magistrate Judge's order denying Plaintiff's motion to limit discovery. (Doc. No. 54). The Court held that the default judgment entered in Wayne County Circuit Court is a final judgment recovered against Ingram Trucking for injuries resulting from negligence, and the Magistrate Judge's conclusion otherwise was contrary to law. (Order (1) Vacating the Magistrate Judge's November 4, 2008 Order, and (2) Granting Plaintiff's Motion to Limit Discovery, 7, Feb. 9, 2009). The Court further held that Defendant is barred from litigating Ingram Trucking's negligence liability and precluded from taking discovery on the liability and damages issues. (*Id.* at 11).

In the instant motions, Plaintiff seeks summary judgment on his complaint, and moves to partially dismiss Defendant's third-party complaint.

**II. ANALYSIS**

    **A. Plaintiff's Motion for Summary Judgment**

The United States Court of Appeals for the Sixth Circuit has summarized the legal standard

for summary judgment motions as follows:

> Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing a motion for summary judgment, we view the evidence, all facts, and any inferences in the light most favorable to the nonmoving party. "To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact." A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]."

*Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 500-01 (6th Cir. 2007) (internal citations omitted).

In his motion for summary judgment, Plaintiff argues that this Court should enter a judgment against Defendant because he satisfied the criteria of MCS-90 and, therefore, is entitled to damages. (Pl.'s Mot. Summ. J. 4-7). Plaintiff also argues that MCS-90 precludes Defendant from disclaiming coverage for the breach of a policy condition. (*Id.* at 7-10). Defendant responds that Plaintiff has not sustained his burden of proving negligence, which is a necessary predicate to recovering under MCS-90. (Def.'s Resp. 6).

All interstate carriers are required to maintain insurance or another form of surety "conditioned to pay any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance or use of motor vehicles" under the carrier's permit. 49 C.F.R. §§ 387.301(a), 387.7. To satisfy this requirement, an MCS-90 endorsement must be attached to each insurance policy of the carrier; the MCS-90 guarantees payment from the motor carrier, or its insurer, in the amount of at least $750,000 per accident. 49 C.F.R. §§ 387.7, 387.9

In light of this Court's earlier decision that the default judgment Plaintiff obtained in Wayne County Circuit Court is a final judgment recovered against the insured for injuries resulting from

negligence, Plaintiff is entitled to summary judgment on his MCS-90 claim.

Plaintiff also seeks summary judgment on his claim that Defendant violated the Uniform Trade Practices Act by refusing to pay the default judgment entered in Wayne County Circuit Court. (Pl.'s Mot. Summ. J. 10-12). Defendant did not take a position on this issue.

The Uniform Trade Practices Act, M.C.L. § 500.2001 et seq., regulates the trade practices of insurance companies in Michigan by prohibiting "unfair methods of competition or unfair or deceptive acts or practices." M.C.L. § 500.2002. M.C.L. § 500.2006 provides for the imposition of penalty interest for the late payment of an insurance claim, and subsection four governs the imposition of the penalty interest. M.C.L. § 500.2006(4) provides in relevant part:

> If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law.

The Michigan Court of Appeals has construed M.C.L. §500.2006(4) as entitling first-party insureds to interest if benefits are not paid within 60 days after satisfactory proof of loss is provided, irrespective of whether the claim is reasonably in dispute. *Griswold Properties, L.L.C. v. Lexington Ins. Co.*, 276 Mich. App. 551, 565-66 (2007). Claimants who are not directly entitled to benefits under an insurance policy, such as the Plaintiff here, may collect penalty interest for untimely payment of benefits only if the claim was not reasonably in dispute. *Id.* at 566. In addition, Plaintiff must show that Defendant's refusal to pay was in bad faith. M.C.L. § 500.2006.

In this case, Plaintiff's claim for benefits was reasonably in dispute. The parties vigorously litigated whether a default judgment is a final judgment for purposes of MCS-90. In addition, there

was no Sixth Circuit precedent pertaining to this issue. Thus, whether Defendant was obligated to pay Plaintiff benefits, pursuant to MCS-90, based on the default judgment obtained in state court was reasonably in dispute. Moreover, Plaintiff has not presented any evidence, besides Defendantss refusal to pay, that Defendant refused payment in bad faith. This Court, therefore, denies Plaintiff summary judgment on his UTPA claim.

### B. Plaintiff's Motion to Partially Dismiss Defendant's Third-Party Complaint

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). The Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955 (2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. When fraud is alleged, Fed. R. Civ. P. 9(b) requires that the allegations "be stated with particularity."

Plaintiff argues that Defendant's "third party complaint reveals only vague and conclusory allegations of fraud," and must be dismissed. (Pl.'s Mot. to Dismiss 1). Defendant responds that Plaintiff has no legal basis to move to dismiss its complaint because the complaint seeks indemnification and declaratory judgment against Ingram Trucking, not Plaintiff, and default has already been entered against Ingram Trucking for failing to answer. (Def.'s Resp. 4-6). Defendant further argues that by answering the third-party complaint, Plaintiff waived any objection to the sufficiency of the pleading. (*Id.* at 5).

The third-party complaint does not contain a fraud claim. Defendant brought a declaratory

action against Ingram Trucking for breach of contract and indemnification. (Third-Party Complaint). The only references that could be construed as allegations of misrepresentations are made in paragraphs four, five and thirteen of the complaint, which read, respectively:

> That for the purpose of acquiring insurance from Lincoln General Insurance Company, Ingram Trucking, Inc. made certain representations to Lincoln General Insurance Company, which, upon information and belief, were inaccurate and incorrect.
> ***
> That in reliance upon the inaccurate and incorrect representations by Ingram Trucking, Inc., Third Party Plaintiff, Lincoln General Insurance Company, issued a policy of insurance and agreed to act as a surety in the issuance of an MCS90 form, as referenced in Plaintiff's Complaint.
> ***
> That Ingram Trucking, Inc. upon information and belief made incorrect statements and representations, and took other actions for the purpose of obtaining insurance from Lincoln General Insurance Company.

(Third-Party Compl. ¶¶ 4, 5, 13).

None of these references to inaccurate or incorrect representations pertain to Plaintiff, nor are they made in connection with a fraud claim. Plaintiff is not the subject of the third-party complaint, even if a fraud claim is alleged. Accordingly, Plaintiff's motion to dismiss is denied because he "has no dog in this fight."

### III. CONCLUSION

For the reasons discussed above, the Court GRANTS, IN PART, and DENIES, IN PART, Plaintiff's Motion for Summary Judgment, and DENIES Plaintiff's Motion to Dismiss.

SO ORDERED.

                                       S/Paul D. Borman
                                       PAUL D. BORMAN
                                       UNITED STATES DISTRICT JUDGE

Dated: April 16, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 16, 2009.

                                          S/Denise Goodine
                                          Case Manager