**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES HAWTHORNE,

    Plaintiff,                 Case Number: 08-12325

v.                                  JUDGE PAUL D. BORMAN
                                     UNITED STATES DISTRICT COURT

LINCOLN GENERAL INSURANCE
COMPANY,

    Defendant/Third-Party Plaintiff,

v.

INGRAM TRUCKING, INC.,

    Third-Party Defendant.
_____ /

**ORDER AND OPINION DENYING DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT FILING A SUPERSEDEAS BOND**

Before the Court is Defendant Lincoln General Insurance Company's May 7, 2009, Motion to Stay Execution of Judgment Pending Exhaustion of Appellate Remedies. (Doc. No. 72). Pursuant to L.R. 7.1(e)(2), this motion is being decided without oral argument.

Defendant seeks a stay of execution of judgment pursuant to Fed. R. Civ. P. 62, without furnishing a supersedeas bond. (Def.'s Mot. 1). Defendant argues that the insurance policy issued to Ingram Trucking is "the 'bond' to secure payment of the default judgment" and contends that the bond would be "redundant" and a "waste of money." (Def.'s Mot. 2). Plaintiff urges the Court to require Defendant to post bond because Defendant has not shown its ability to pay the judgment.

1

(Pl.'s Resp. 5).

Fed. R. Civ. P. 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir.1980). The Sixth Circuit recognizes that courts have the discretion to dispense with the bond requirement. *Arban*, 345 F.3d at 409. However, "[a]bsent the appellant's convincing argument that 'extraordinary circumstance' exist, the courts generally require that a full supersedeas bond be posted before a stay will issue under Rule 62(d)." *EB-Bran Productions, Inc. v. Warner Elektra Atlantic, Inc.*, 2006 WL 1851010, 2 -3  (E.D. Mich. 2006)

Plaintiff does not dispute Defendant's entitlement to a stay pending appeal. Instead, Plaintiff claims that Defendant must show that it has adequate resources to satisfy the judgment in order to obtain a stay without posting a supersedeas bond. This Court agrees, and finds that Defendant has not done so here.

Defendant has offered no proof of its ability to pay the judgment entered against it. Rather, Defendant argues that the insurance policy issued to Ingram Trucking is sufficient to satisfy the bond requirement. First, the insurance policy is not equivalent to a supersedeas bond. A supersedeas bond preserves the status quo during the pendency of an appeal, and insures that the judgment debtor will be able to satisfy the judgment after the appeal. The insurance policy Defendant issued to Ingram Trucking does neither. Second, Defendant has not shown its ability to pay out proceeds of the insurance policy. Third, Defendant has not made a convincing argument that "extraordinary circumstance" exists such that this Court should waive the supersedeas bond requirement.

Accordingly, the Court **DENIES** Defendant's Motion to Stay Execution of Judgment

Pending Exhaustion of Appellate Remedies.  (Doc. No. 72).

SO ORDERED.

                                          S/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 1, 2009.

                                          S/Denise Goodine
                                          Case Manager