# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES HAWTHORNE,

    Plaintiff,                               Case Number: 08-12325

v.                                         JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT COURT

LINCOLN GENERAL INSURANCE
COMPANY,

    Defendant/Third-Party Plaintiff,

v.

INGRAM TRUCKING, INC.

    Third-Party Defendant.

_____ /

## OPINION AND ORDER DENYING DEFENDANT LINCOLN GENERAL'S MOTION TO STAY EXECUTION OF JUDGMENT BY POSTING SUPERSEDEAS BOND

Before the Court is Defendant Lincoln General Insurance Company's June 12, 2009 Motion to Stay Execution of Judgment by Posting Supersedeas Bond. (Doc. No. 77). Plaintiff James Hawthorne responded on June 17, 2009. (Doc. No. 78). This motion is being decided without a hearing pursuant to Local Rule 7.1(e)(2). For the reasons stated below, the Court **DENIES** Lincoln General's motion.

In a June 1, 2009 Opinion and Order, the Court denied Lincoln General's Motion to Stay Execution on Judgment Pending Exhaustion of Appellate Remedies. (Doc. No. 76). The Court held that Lincoln General had not offered sufficient proof of its ability to satisfy the judgment and,

1

therefore, was not entitled to a stay without posting a supersedeas bond.

Thereafter, on June 12, 2009, Lincoln General filed the instant motion. Lincoln General seeks to stay the execution of the judgment entered against, this time by posting a supersedeas bond. (Def.'s Mot. 5). Lincoln General avers that it has secured a supersedeas bond for the benefit of Plaintiff, which should adequately protect Plaintiff's interests while the appeal is pending. (*Id.*)

Plaintiff opposes Lincoln General's request for a stay on the grounds the supersedeas bond is insufficient to protect his interest during the appeal. (Pl.'s Resp. 4). Plaintiff objects to the supersedeas bond that Lincoln General has obtained because Lincoln General is both the principal and the surety of the bond. (*Id.*). "Should Lincoln General, as the be principal, be unwilling or unable to satisfy the judgment, there is no assurance that it [Lincoln General], as the surety, will somehow be willing and able to satisfy the bond." (*Id.*)

Fed. R. Civ. P. 62(d) "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir.1980). "The purpose of the rule is to ensure preservation of the status quo while also preserving the rights of the appellee. *Id*. Rule 62(d) also requires, however, the Court to approve the bond. Fed. R. Civ. P. 62(d). The Court will not approve the bond in this case.

The whole point of posting a supersedeas bond is to insure the collection of a judgment. *See Arban*, 345 F.3d at 409. Here, Lincoln General has proposed posting a supersedeas bond that it issued to itself. Thus, Lincoln General wants to be the guarantor of its own bond. Such a bond is insufficient to preserve Plaintiff's rights during the pendency of the appeal.

First, as discussed in the Court's June 12, 2009, Opinion and Order, Lincoln General has not

shown that it can currently satisfy the judgment entered for Plaintiff. Second, if Lincoln General is unable to satisfy the judgment, following the appeal, no one is left to stand in the shoes of Lincoln General and pay Plaintiff. Thus, the bond does not secure Plaintiff's judgment. Third, and finally, approving this bond, with Lincoln General acting as both principal and surety, is the functional equivalent of allowing Lincoln General to stay the execution without posting a bond. The Court has already decided that Lincoln General is not entitled to a stay without posting a supersedeas bond. Thus, the Court will not approve a bond where Lincoln General is both principal and surety.

The Court finds that the supersedeas bond secured by Lincoln General is insufficient to protect and preserve Plaintiff's rights while his case is on appeal.

Accordingly, the Court **DENIES** Defendant's Defendant Lincoln General Insurance Company's June 12, 2009 Motion to Stay Execution of Judgment by Posting Supersedeas Bond. (Doc. No. 77).

SO ORDERED.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 8, 2009.

S/Denise Goodine  
Case Manager

3